## JOSEPH NOTARO v. MORRIS MANDEL AND OTHERS.[1]

### December 7, 1917.

### No. 20,545.

**Negligence — contributory negligence — questions for jury.**

In this action to recover damages for injuries sustained in a collision at a street intersection, the evidence made defendants' negligence and plaintiff's contributory negligence questions of fact for the jury. This court cannot hold the damages, approved by the trial court, excessive.

Action in the district court for Hennepin county to recover $2,500 for personal injuries received in a collision. The answer alleged failure of plaintiff to exercise the care of an ordinarily prudent person for his own safety. The case was tried before Dickinson, J., and a jury which returned a verdict for $1,500. Defendant's motion for judgment not-

[1]Reported in 165 N. W. 267.

withstanding the verdict or for a new trial was denied. From the order denying their motion for a new trial, defendants appealed. Affirmed.

*D. E. La Belle* and *Mathias Baldwin,* for appellants.

*Larrabee & Olson,* for respondent.


PER CURIAM.

The assignments of error attack the verdict on these grounds: (a) The evidence fails to establish defendants' negligence; (b) it does disclose plaintiff's contributory negligence as a matter of law; and (c) the amount is excessive.

On a May afternoon of last year plaintiff was riding his bicycle going west on Sixth avenue north, a street running east and west in the city of Minneapolis and along which a double track street car line is operated. As plaintiff was approaching Oak Lake avenue, a street leading into Sixth avenue north from the north, one of the defendants, driving a horse and wagon of the partnership at a brisk trot going east on Sixth avenue north, was nearing Oak Lake avenue. Shortly before the latter reached the westerly line of Oak Lake avenue, if extended across Sixth avenue north, he swung the rig across the street car tracks and towards the nearest or westerly corner of Oak Lake avenue, intending to drive north thereon. At about the same time that the horse came within a few feet of the corner mentioned, plaintiff reached the same position with the result, as plaintiff claims, that he was run into by the neck and shoulder of the horse and pitched off his bicycle, striking against the lamp-post at the corner with such force as to break his lower jaw in two places. Defendants' contention was that the horse did not get within four feet of plaintiff, who, in trying to get around in front of the horse, ran the bicycle against the curb causing his fall against the lamp-post. The evidence was such that the jury could readily find that the horse came against plaintiff, who at the moment of collision was on that part of the street where he had a right to be, and that defendants' rig came improperly and negligently into a part of the street where it had no business to go so long as another vehicle was rightfully there. It is clear to us that defendants' negligence and plaintiff's contributory negligence were, under the evidence, jury questions, properly

submitted, and correctly determined. No good purpose would be served by an attempt to further state or analyze the testimony.

The injury was severe, necessitating painful surgical treatment. Full recovery has not yet been attained. The amount incurred for the doctor's services and hospital expenses exceeds $200. It cannot be said that the amount of the verdict, $1,500, is so excessive that this court must therefrom draw the inference that the jury were actuated by passion or prejudice notwithstanding the trial court's conclusion to the contrary.

Order affirmed.